Raymond J. STANTON

v.

WALLENSTEIN, Arthur, Warden Individually and in His Official Capacities.

Civ. A. No. 79–660.

United States District Court, E. D. Pennsylvania.

Aug. 11, 1981.

David Gates, Bucks County Legal Aid, Langhorne, Pa., for plaintiff.

James M. McNamara, Asst. County Sol., Doylestown, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff seeks to recover monetary damages in this suit brought under 42 U.S.C. § 1983. He claims that the conditions he was subjected to, while incarcerated as a convicted state prisoner at Bucks County Prison, constituted cruel and unusual punishment, in violation of his Eighth Amendment right, as made applicable to the States through the Fourteenth Amendment. At a bench trial, plaintiff testified to the conditions he endured. After careful consideration of the evidence and the memoranda of law submitted by the parties, I conclude that judgment must be entered in favor of the defendant Arthur Wallenstein, the Warden of the Bucks County Prison.[1]

A preponderance of the evidence establishes that the prison conditions existing at Bucks County Prison during Mr. Stanton's incarceration were inadequate and inappropriate. Indeed, the defendant in his testimony was critical of the conditions. The evidence produced included a report of the Pennsylvania Bureau of Corrections.[2] This report found the housing facilities, heating, plumbing and electrical systems "antiquated and incapable of efficient operation". The report stated it was "difficult to maintain an acceptable level of sanitation due to the deterioration of the physical plant"; further, the report noted that this institution built in 1884 "must house from five to six inmates per cell". The cells measure 8' × 18'.

Plaintiff complains that he was housed in this prison during most of the period from September 5, 1978 to July 20, 1979 and that he is entitled to recover compensatory damages from defendant "for: (a) the pain and suffering plaintiff endured after being bit-ten by bed bugs while housed in Cell 23; (b) the pain and suffering Plaintiff endured after he slipped and fell in November 1978, on the wet corridor floor outside Cell 23; (c) the pain and suffering Plaintiff experienced in February 1979, from back and neck pain which was aggravated by the dampness of his cell (Cell 34) and (d) for the mental and emotional distress Plaintiff experienced from being housed in the Bucks County Prison under inhumane conditions."

There is no evidence that defendant, as an individual or in his capacity as Warden, in any way brought about or contributed to the conditions described; indeed, the evidence is to the contrary. The evidence establishes that defendant Wallenstein encouraged the prisoners, including plaintiff, to bring to his attention, or to the attention of his staff, conditions which were capable of being corrected or alleviated. Also, the evidence establishes that the warden actively sought to improve conditions in this antiquated prison. Plaintiff has acknowledged this fact and described defendant as a man he respected, who was fair in his own way.

Plaintiff argues, correctly, that to establish a cause of action for an Eighth Amendment violation proof of the specific intent to deprive a person of his federally protected rights is not required; however, there must be proof of the elements of the offense, namely:

(1) intentional performance of conduct (2) amounting to punishment which is (a) cruel, and (b) unusual

*Howell v. Cataldi*, 464 F.2d 272, 279 (3d Cir. 1972).[3]

Plaintiff has failed to introduce any evidence of the intentional performance of conduct by defendant which constitutes cruel and unusual punishment. The only evidence as to defendant Wallenstein relates

---

1. This memorandum contains the findings of fact and conclusions of law required by Fed.R. Civ.P. 52. The parties submitted requests for findings of fact. Plaintiff's requests, except for requests 29, 33, 40, 41 and 42, are supported by credible evidence and I find these facts as requested. The requests of defendant, except for finding 10, are supported by credible evidence and I find these facts as requested.

2. Trial exhibit P. 3; a report of reinspection on the Bucks County Prison, submitted 10/13/78.

3. See also *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976) and *DeTore v. Local No. 245*, 615 F.2d 980, 983 (3d Cir. 1980).

to his efforts to improve the inadequate conditions existing at Bucks County Prison. Since plaintiff has failed to prove a necessary element of the constitutional violation charged he is not entitled to recover damages from defendant. Accordingly, I will enter judgment in favor of defendant.[4]

4. Because I determine defendant Wallenstein is not liable to respond in money damages to plaintiff Stanton, I do not reach the question of whether the evidence is sufficient to support a finding that the conditions at Bucks County Prison inflict upon the prisoners cruel and unusual punishment. *See, Rhodes v. Chapman,*

—— U.S. ——, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). This issue is presently pending before this Court in a class action brought by inmates of Bucks County Prison seeking injunctive relief against the persons said to be responsible for providing adequate prison facilities.